IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD STEVENSON,<br>    ID # 1825829,<br>        Petitioner, | )<br>)<br>)<br>) |
| vs. | ) No. 3:20-CV-1645-D-BH<br>) |
| DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division, | )<br>)<br>) |
| Respondent. | ) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 18, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I.   BACKGROUND

Donald Stevenson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and sentences in Cause Nos. F12-54028 and F12-54029 in the 265th Judicial District Court of Dallas, Texas. (*See* doc. 3 at 2.)[2] He names the Director, TDCJ-CID as the respondent. (*See id.* at 1.)

On October 16, 2012, Petitioner entered pleas of no contest to aggravated kidnapping and unlawful possession of a firearm by a felon in Cause Nos. F12-54028 and F12-54029, respectively. *See State v. Stevenson*, No. F12-54028, *Plea Agreement* (265th Jud. Dist. Ct.), *available at*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the current action, 3:20-CV-1645-D-BH.

http://dallascounty.org/services/public-access.php (last visited Sept. 21, 2020); *State v. Stevenson*, No. F12-54029, *Plea Agreement* (265th Jud. Dist. Ct.), *available at* http://dallascounty.org/services/public-access.php (last visited Sept. 21, 2020). On November 30, 2012, he was convicted of both offenses and sentenced to 30 years' imprisonment in each case, to run concurrently. (*See* doc. 3 at 20-21.) The judgments were affirmed on appeal by the Fifth District Court of Appeals. *See Stevenson v. State*, Nos. 05-12-01668-CR, 05-12-01669-CR, 2014 WL 3555767 (Tex. App. – Dallas July 17, 2014). The Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review. *See Stevenson v. State*, PD-1033-14 & PD-1034-14 (Tex. Crim. App. Nov. 26, 2014). His state habeas applications challenging his convictions were denied without written order on November 4, 2015. *See Ex parte Stevenson*, WR-71,015-2 & WR-71,015-03 (Tex. Crim. App. Nov. 4, 2015).

Petitioner filed a petition under 28 U.S.C. § 2254, signed on January 21, 2016, challenging his convictions on the grounds that the government failed to prove aggravated kidnapping, his trial counsel was ineffective on several bases, and the prosecution failed to disclose exculpatory evidence. *See Stevenson v. Collier*, No. 3:15-CV-3888-D(BH), 2018 WL 629019, at *2 (N.D. Tex. Jan. 8, 2018), *rec. adopted*, 2018 WL 620538 (N.D. Tex. Jan. 30, 2018). It was denied with prejudice on January 30, 2018. *See id.* at *1. On July 23, 2018, he filed a motion to reopen the case that was construed as a successive § 2254 petition and transferred to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). *See Stevenson v. Collier*, No. 3:15-CV-3888-D (BH), 2018 WL 4103432, at *2 (N.D. Tex. July 27, 2018), *rec. adopted*, 2018 WL 4096226 (N.D. Tex. Aug. 28, 2018). The Fifth Circuit closed the case at Petitioner's request on October 24, 2018. *See In re: Stevenson*, No. 18-11151 (5th Cir. Oct. 24, 2018).

Petitioner now challenges his state convictions and sentences on grounds that: (1) trial

counsel was ineffective because he "let the Petitioner appear before the Court in an [i]ncompetent mental state as well as allow[ed] him to plea at the hearing (Nolo Contendere)"; (2) the trial court abused its discretion by questioning Petitioner's competency and allowing trial counsel to answer the question despite counsel's lack of a Ph.D. to certify whether Petitioner required any medical treatment; (3) appellate counsel appointed to file a direct appeal was ineffective because he failed to "file any paper work at all concerning Petitioner's conviction"; (4) appellate counsel was ineffective because he "did not file a motion for a new trial or out of time notice for new trial which the petitioner had a right to since the case was appealed"; and (5) prosecutorial misconduct by the Assistant District Attorney because he withheld *Brady* information. (doc. 3 at 6-7.) Petitioner separately alleges that he is raising the grounds for relief that were the bases of his first § 2254 petition. (*See id.* at 8.)

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v.*

*Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions and sentences that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 3 at 2-3, 6-7); *See Stevenson*, 2018 WL 629019, at *2-9. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b)

because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III.     RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody* should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 29th day of September, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE